UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRIC FAISON,

      Petitioner,

vs.                                       Case No. 05-CV-74177
                                          HON. GEORGE CARAM STEEH
                                          Crim. No. 04-CR-80161-01

UNITED STATES OF AMERICA,

      Respondent.

_____/

ORDER DISMISSING § 2255 PETITION (#27) AND
DENYING CERTIFICATE OF APPEALABILITY

    Petitioner Rodric Faison filed a 28 U.S.C. § 2255 motion on November 1, 2005 seeking relief from his October 28, 2004 sentence of 70 months imprisonment and 4 years supervised release following his plea-based conviction for conspiracy to possess with intent to distribute marijuana and cocaine in violation 21 U.S.C. §§ 841(a)(1) and 846. Petitioner moves for relief arguing his sentence was enhanced based on judicial findings as to the amount of drugs involved and his involvement as a leader/organizer, in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). Petitioner also argues that he was denied effective assistance of counsel in waiving any right to appeal as part of his guilty-plea.

    As explained by the Sixth Circuit in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), cert. denied, 126 S.Ct. 199 (Oct. 3, 2005):

> Humphress argues [in his § 2255 petition] that his sentence was imposed in violation of Blakely, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403, because

>the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Because we conclude that Booker's rule does not apply retroactively in collateral proceedings, we find this claim meritless.

Humphress, 398 F.3d at 860. Booker issued on January 12, 2005, and does not apply retroactively on collateral review to cases that were "already final on direct review." Id. at 855, 860-863. Petitioner was sentenced on October 28, 2004, and his conviction became final on November 15, 2004 as a matter of law. See Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. Crim. P. 45(a); Fed. R. App. P. 4(b)(1). Consequently, petitioner's Blakely challenge, governed by Booker, is conclusively without merit as his federal conviction became final on November 15, 2004, almost two months prior to Booker, and Booker does not apply retroactively. Humphress, 398 F.3d at 855, 860-863.

Petitioner's ineffective assistance of counsel claim is premised on counsel's failing to foresee at sentencing that Booker and Humphress would preclude a retroactive collateral attack of petitioner's sentence, with counsel advising petitioner to plead guilty and waive his rights to pursue a direct appeal. Defense counsel's failure to foresee on October 28, 2004 the effect of the January 12, 2005 decision in Booker and the February 25, 2005 decision in Humphress upon petitioner's case did not fall below the objective standard of reasonableness required by the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Petitioner also fails to allege requisite prejudice to the effect that, that but

for his counsel's alleged error, petitioner would not have pleaded guilty to the three drug charges, but would have instead proceeded to trial.  See Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir. 1987).

The motion, files, and records of this case conclusively show that petitioner is not entitled to § 2255 relief.  Accordingly,

Rodric Faison's motion for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 8, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

3